1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   REBECCA A. HULL  Bar No. 99802
2  CARI A. COHORN  Bar No. 249056
   One Market Plaza
3  Steuart Tower, 8th Floor
   San Francisco, California 94105
4  Telephone: (415) 781-7900
   Facsimile: (415) 781-2635
5
6  Attorneys for Defendant Deloitte and Touche USA LLP Plan;
   and Real Party in Interest Metropolitan Life Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| BUD MINTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DELOITTE AND TOUCHE USA LLP PLAN,<br><br>　　　　Defendant.<br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>　　　　Real Party in Interest. | CASE NO. C08-01941 CW<br><br>**RESPONSE OF DELOITTE AND TOUCHE USA LLP PLAN AND METROPOLITAN LIFE INSURANCE COMPANY TO PLAINTIFF'S COMPLAINT** |
|---|---|

　　　　COME NOW defendant Deloitte and Touche USA LLP Plan ("Plan") and real party in interest Metropolitan Life Insurance Company ("MetLife") (collectively, "respondents") and respond to the Complaint of plaintiff Bud Minton as follows:

　　　　1.　　Responding to paragraph 1 of the Complaint, respondents admit that the Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*., and that federal jurisdiction exists with regard to the matters stated in the Complaint. Respondents further admit that the Complaint appears to relate to a claim by plaintiff for long term disability ("LTD") benefits under the Plan. Except as stated herein, respondents

1  deny the allegations of paragraph 1.

2      2.     To the extent that paragraph 2 of the Complaint consists of legal conclusions,
respondents are not required to answer. To the extent that paragraph 2 consists of factual
allegations, respondents state that plaintiff was at certain relevant times a participant of the Plan,
and that at certain relevant times he submitted documents to respondents indicating an address
that is within the judicial district in which this Court sits. Except as stated herein, the allegations
of paragraph 2 are denied.

3.     Responding to paragraph 3 of the Complaint, respondents state that MetLife is a
corporation which at relevant times has funded the benefits of the Plan, has acted as the Plan's
claim administrator for LTD benefits, and as such has been a fiduciary of the Plan. Except as
stated herein, the allegations of paragraph 3 are denied.

4.     Respondents deny the allegations of paragraph 4 of the Complaint, except that
respondents admit that plaintiff was a Plan participant on August 25, 2006, and admit that subject
to all of its terms and conditions the Plan provides benefits to eligible participants in the event of
long term disability as that term is defined in the Plan.

5.     Respondents admit that plaintiff applied for Plan benefits on the basis of alleged
disability, and that his claim was denied by MetLife, the Plan's claim administrator. Except as
stated, the allegations of paragraph 5 of the Complaint are denied.

6.     Responding to paragraph 6 of the Complaint, respondents state that MetLife as the
claim administrator received multiple submissions on behalf of plaintiff in September and October
2007 with regard to an appeal, and that the original claim adjudication was upheld on or about
February 4, 2008. Except as stated herein, the allegations of paragraph 6 of the Complaint are
denied.

7.     The allegations of paragraph 7 are denied, and respondents expressly deny that
plaintiff is, or at any relevant time was or will be, disabled under the Plan.

8.     The allegations of paragraph 8 are denied.

9.     In response to plaintiff's request for relief, respondents expressly deny that
plaintiff is or may be entitled to recovery attorney fees or any other form or type of relief, or to

any remedy of any type or in any amount whatsoever, with regard to any matters set forth in the Complaint, and further denies that there is any factual or legal basis on which any dispute between plaintiff and either or both of the respondents could or should be resolved in favor of plaintiff.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, and each of them, are barred by applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which attorney fees can be awarded.

### FOURTH AFFIRMATIVE DEFENSE

All actions with respect to the matters alleged in the Complaint, if any such actions were taken, were at all times done in good faith and for proper reasons.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with each and all of the terms and conditions of the applicable plan documents and instruments, and for that reason the claims attempted to be stated in the Complaint are not payable.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the fact that any decisions made by the Plan or by others on behalf of the Plan were taken for good cause, were privileged and justified, and were reasonably based on the facts as determined and understood by them and on the terms of the Plan.

### NINTH AFFIRMATIVE DEFENSE

All of the actions of the Plan and of those persons and entities who acted on behalf of the Plan with regard to any matter as alleged in the Complaint, if any, were permitted and/or were required by the applicable law and/or by the terms of the Plan.

**TENTH AFFIRMATIVE DEFENSE**

All of plaintiff's claims are governed exclusively by ERISA, and all remedies to which he may be entitled, if any, which respondents deny, are limited to those provided under ERISA. Any state law claims that plaintiff may be deemed to have asserted or may attempt to assert with regard to the allegations in the Complaint are preempted by ERISA.

**ELEVENTH AFFIRMATIVE DEFENSE**

No claim being pursued in the Complaint is payable under the terms of the Plan.

**TWELFTH AFFIRMATIVE DEFENSE**

Any recovery by plaintiff is barred in whole or in part due to his own delay or failure to disclose or provide information pertaining to the allegations in his Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

If plaintiff is entitled to any payment of Plan benefits, which respondents expressly deny, each such payment must be reduced and offset by any other income or benefits, as defined in the applicable Plan documents, that were, are or may be payable to him.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff had failed to set out his claims with sufficient particularity to permit respondents to raise all appropriate defenses, and respondents therefore reserve the right to add other and further defenses as the bases for Plaintiff's purported claims become known, pursuant to the provisions of Rule 8 of the Federal Rules of Civil Procedure.

WHEREFORE, the respondents pray for relief as follows:

1. That plaintiff take nothing by way of his Complaint;

2. That judgment be entered in favor of the respondents, and each of them, and against plaintiff;

3. That respondents be awarded their costs of suit incurred in this action;

4. That respondents be awarded their attorney's fees incurred in this action under 29 U.S.C. § 1132; and

5. For such other and further relief as the Court deems just and proper.

DATED: May 30, 2008         SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: /s/ Rebecca A. Hull
   Rebecca A. Hull
   Cari A. Cohorn
   Defendant Deloitte and Touche USA LLP Plan;
   and Real Party in Interest Metropolitan Life Insurance
   Company