1 | Laurence F. Padway (SBN 083914)
Costa Nikoloutsopoulos (SBN 248905)
2 | Law Offices of Laurence F. Padway
1516 Oak Street, Suite 109
3 | Alameda, California 94501
Telephone: (510) 814-6100
4 | Facsimile: (510) 814-0650

5 | Attorneys for Bud F. Minton

6 | Rebecca A. Hull
Cari A. Cohorn
7 | Sedgwick, Detert, Moran & Arnold LLP
One Market Plaza
8 | Steuart Tower, 8th Floor
San Francisco, CA 94105
9 | Phone: (415) 781-7900
Fax: (415) 781-2635
10

11 | Attorneys for Deloitte and Touche USA LLP Plan,
and Metropolitan Life Insurance Company

12

13 | UNITED STATES DISTRICT COURT

14 | NORTHERN DISTRICT OF CALIFORNIA

15

16 | BUD MINTON,                           CASE NO. C08-01941 CW

17 |           Plaintiff,
                                          **JOINT CASE MANAGEMENT
18 |     vs.                              STATEMENT AND PROPOSED ORDER**

19 | DELOITTE AND TOUCHE USA LLP PLAN,     Judge Claudia Wilken

20 |           Defendant,                  Complaint Filed: April 11, 2008

21 |                                       Case Management Conference Date:
    METROPOLITAN LIFE INSURANCE           July 22, 2008
22 | COMPANY,

23 |           Real Party in Interest.

24

25

26

27

28 | JOINT CASE MANAGEMENT STATEMENT
AND PROPOSED ORDER                     1          CASE NO. C08-01941 CW

1        Plaintiff Bud F. Minton, Defendant Deloitte and Touche USA LLP Plan

2    and Real Party in Interest Metropolitan Life Insurance Company, present the following case

3    management statement for the case management conference scheduled on July 22, 2008.

4    **1. Jurisdiction and Service:**

5        The court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, because

6    relief is sought under an employee welfare benefit plan governed by the Employee Retirement

7    Income Security Act of 1974 (ERISA), U.S.C. § 1001, *et seq.*, thereby presenting a federal question.

8    All parties were served and have appeared.

9    **2. Facts:**

10        **Plaintiff's Statement of the Facts:**

11        Mr. Minton, a computer graphics designer with Deloitte and Touche USA LLP, suffers from

12    longstanding fibromyalgia, repetitive stress syndromes, and depression that is secondary to his pain,

13    which had been intermittently disabling for many years, and became permanently disabling on

14    August 25, 2006. Mr. Minton's unfortunate condition is attributed to prolonged hours of computer

15    use during his employment. Under the Deloitte and Touche USA LLP Plan ("plan"), employees are

16    provided with long-term disability benefits. This plan is administered and insured by Metropolitan

17    Life Insurance Company ("MetLife"). While covered under the plan, on December 20, 2006, Mr.

18    Minton applied for disability benefits under the plan and was denied by MetLife. His subsequent

19    appeals resulted in denials, thereby exhausting his administrative remedies. Despite a detailed report

20    from his long-time treating osteopathic physician, Dickie Hill, D.O., that Mr. Minton was disabled

21    from working in any occupation related to a graphics designer position, MetLife chose to rely on

22    their own "independent" examiners in denying Mr. Minton's claim. Mr. Minton brought this action

23    to recover his long-term disability benefits.

24

25

26

27    JOINT CASE MANAGEMENT STATEMENT

28    AND PROPOSED ORDER        2        CASE NO. C08-01941 CW

1    **Defendant's Statement of the Facts:**

2    Plaintiff was an employee of Deloitte & Touche USA, LLP and a participant in the Deloitte

3    & Touche Long Term Disability Insurance Plan (the "Plan"). Real party in interest Metropolitan

4    Life Insurance Company ("MetLife") is the funding source and the claim fiduciary for the Plan.

5    (Deloitte & Touche and MetLife are herein referenced collectively as "Defendant.")

6    Plaintiff reportedly began suffering from soft tissue pain in his arms, upper back and neck in

7    2001. He underwent physical therapy and continued working for Deloitte as a graphics supervisor,

8    apparently without incident, for several years. Plaintiff asserts that on August 23, 2006, his employer

9    offered him a choice between taking a severance package or taking a position as a graphic

10   coordinator in the Document Graphic Service department. The alternative position involved tasks

11   such as word processing, printing and binding documents. It required five to six hours each day of

12   sitting, light grasping with the dominant hand, and fine finger dexterity. Mr. Minton claimed that

13   pain would prevent him from performing these duties and that any attempt to do so would exacerbate

14   his condition. His stopped working as of August 24, 2006.

15   On December 20, 2006, Plaintiff submitted a claim for long-term disability ("LTD") benefits.

16   He indicated on his Employee Statement in support of his claim that pain in his arms and upper back

17   prevented him from working at a computer. After reviewing the medical documentation that

18   Plaintiff submitted in support of his claim, MetLife informed him on February 9, 2007, that his claim

19   was denied. Plaintiff asked that the decision be delayed so he could request additional medical

20   records from his treating physician, Dickie Hill, D.O., and MetLife agreed. The only supplemental

21   record provided by Dr. Hill, however, was an office noted dated February 13, 2007. According to

22   that note, antidepressants were elevating Mr. Minton's mood, and osteopathic manipulation

23   treatments were improving his physical functioning. Despite this improvement, Dr. Hill conclusorily

24   opined that Plaintiff could not work until May 2007.

25   MetLife forwarded the complete medical records, including the February 13 progress note, to

26   Dr. Frank Nisenfeld, a Board Certified orthopedic surgeon who is an independent physician

27   JOINT CASE MANAGEMENT STATEMENT

28   AND PROPOSED ORDER                    3                    CASE NO. C08-01941 CW

1   consultant ("IPC"), for review.  Dr. Nisenfeld reviewed the file and opined that the record did not

2   establish that Plaintiff was so impaired as to be unable to perform his job duties.  In particular, the

3   file contained no record of any diagnostic testing or objective findings of impairment.

4        MetLife credited Dr. Nisenfeld's opinion and notified Plaintiff by letter on March 12, 2007

5   that his claim was denied because the medical documentation did not establish that Plaintiff was

6   disabled under the terms of the Plan.  Plaintiff also was notified of his right to appeal, and the

7   deadline for doing so.  The 180-day deadline for appealing the denial of benefits expired on

8   September 10, 2007, and Plaintiff thereafter notified MetLife of his intent to appeal, on September

9   27, 2007.

10       Despite Plaintiff's failure to comply with the deadline applicable to appeals, MetLife

11  accepted and considered the appeal.  MetLife conducted a full and fair review of Plaintiff's claim on

12  appeal.  As part of that review, MetLife submitted the file to two additional IPCs:  a rheumatologist

13  and a psychiatrist.  Dr. Dayton Dennis Payne, Board Certified in internal medicine and

14  rheumatology, reviewed the file and also conferred directly with Dr. Hill about Plaintiff's condition.

15  In a report dated January 2, 2008, Dr. Payne pointed out that Dr. Hill had conducted an "extensive"

16  workup, which yielded uniformly negative findings.  Dr. Payne found no medical record evidence

17  that would support any restrictions or limitations on Plaintiff's activities.

18       Likewise, Dr. Marcus Goldman, Board Certified in psychiatry, opined that the medical

19  documentation did not support a finding that Plaintiff was disabled due to a psychiatric condition.

20  That is, the records did not contain any objective findings, mental status examinations, mental health

21  notes, or any other data that would support a finding of a significant psychopathology such as to

22  impair Plaintiff's ability to perform his occupation.

23       In addition to obtaining the IPCs' reports, MetLife also accepted additional medical records

24  from Plaintiff, which was provided after the IPCs had issued their reports.  Both IPCs then reviewed

25  the supplemental records, but neither doctor changed his conclusion that Plaintiff was not

26  functionally impaired from performing his occupation.  Again, both doctors concluded that the

27  JOINT CASE MANAGEMENT STATEMENT

28  AND PROPOSED ORDER                    4                    CASE NO. C08-01941 CW

1  records did not support that Plaintiff's condition rendered him unable to perform his occupation. By

2  letter dated February 4, 2009, MetLife informed Plaintiff that the denial of benefits had been upheld

3  on appeal. This suit followed.

4      **Factual Issues in Dispute**:

5      **Plaintiff's statement**:

6      Whether plaintiff satisfied the plan's definition of disability as of the date of denial of the

7  claim for benefits.

8      **Defendant's statement:**

9      The relevant factual determination is whether the administrative record before MetLife at the

10  time it adjudicated Plaintiff's claim reasonably supported MetLife's decision to deny the claim, or

11  whether the denial was an abuse of discretion.

12  **3. Legal Issues:**

13      **Plaintiff's statement**:

14      Whether the standard of review to be conducted by the Court is an "abuse of discretion" or

15  "de novo." In the event that it is determined that the standard of review is for abuse of discretion,

16  rather than de novo, plaintiff contends that the failure of defendants to act appropriately will affect

17  the existence of and amount of deference granted to defendants. *See Metropolitan Life Insurance*

18  *Co. v. Glenn*, 128 S. Ct. 2343 (2008).

19      Plaintiff alleges that the he was not provided a full and fair review as required under *Abatie* v.

20  *Alta Health and Life Ins. Co.*, 458 F. 3d 955 (2006), and was not provided a clear and coherent

21  explanation of what was missing from the proof of claim as required by *Saffon v. Wells Fargo & Co.*

22  *Long Term Disability Plan*, 522 F.3d 863 (2007), and related cases.

23      These issues can be addressed concurrently with hearing on the merits.

24      **Defendant's statement**:

25      Because Plaintiff's claims arise under an ERISA-governed welfare benefits plan, the

26  pertinent legal issue is whether Plaintiff is entitled to benefits under the terms of the Plan. To the

27

1    extent that a dispute arises as to the standard of review that the Court should use in adjudicating

2    Plaintiff's claim, Defendant contends that the proper standard of review is an abuse of discretion

3    standard, applying the analysis set forth in *Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2343

4    (2008) and *Abatie v. Alta Health and Life Ins. Co.,* 458 F.3d 955 (9th Cir. 2006), including *Abatie*'s

5    adherence to the general Ninth Circuit rule that evidence outside the administrative record may not

6    be considered in deciding the merits of Plaintiff's claim.  A structural conflict of interest (where, as

7    here, the claim fiduciary is also the funding source for the Plan) does not lead to a less deferential

8    standard of review; the conflict is merely one additional factor to be considered in determining

9    whether the Defendant abused its discretion.  *Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct.

10   2343 (2008).

11   **4. Motions:**

12   There are no prior or pending motions.  Plaintiff anticipates filing a summary judgment

13   motion once the Administrative record has been received, supplemented (if necessary), and

14   discovery is complete.  Plaintiff reserves his right to file other appropriate motions.

15   Defendant expects to file a dispositive motion.

16   **5. Amendment of Pleadings**:

17   The parties do not expect to amend the pleadings at this time.

18   **6. Evidence Preservation:**

19   The parties have discussed and agreed to a litigation hold on any evidence relevant to this

20   case.  Electronic evidence is not to be destroyed.  Plaintiff has stored all documents relating to the

21   initial disclosures electronically, and has mailed a computer CD containing those documents to

22   Defendants.

23   **7. Disclosures:**

24   Plaintiff mailed his initial disclosures to Defendant on July 14, 2008.  Defendants' counsel

25   has stated to Plaintiff's counsel that they will produce the Administrative Record on July 15, 2008,

26   as part of their initial disclosures.  In the event that plaintiff deems the record incomplete, he will

27   JOINT CASE MANAGEMENT STATEMENT

28   AND PROPOSED ORDER                    6                    CASE NO. C08-01941 CW

1   notify defendants' counsel, and request that the record be supplemented.

2        Defendant contends that Rule 26(a)(1)(E)(i) of the Federal Rules of Civil Procedure

3   explicitly exempts actions for review on an administrative record from initial disclosures. However,

4   in order to avoid delay and expense, and without waiving the applicability of Fed. R. Civ. P.

5   26(a)(1)(E)(i) to the instant case, Defendant will make its initial disclosures, consisting of production

6   of the administrative record, prior to the case management conference.

7   **8. Discovery**:

8        Discovery has not yet taken place.  Plaintiff may desire discovery after he reviews the

9   Administrative Record, which has not yet been provided to Plaintiff, on issues such as the

10  completeness of the administrative record, conflict of interest, and funding of the plan.

11       Defendant contends that the mere existence of a structural conflict of interest (where, as here,

12  the claim fiduciary is also the funding source for the Plan) does not in itself make discovery

13  appropriate, particularly in light of *Glenn*'s ruling that the existence of a conflict of interest is merely

14  one of many factors that a reviewing court will consider in determining whether denial of a claim

15  was an abuse of discretion.  If the claim decision is reasonable in light of the administrative record,

16  courts find no abuse of discretion.  *See Jordan v. Northrop Grumman Corp. Welfare Benefit Plan*,

17  370 F.3d 869, 875 (9th Cir. 2004).  The Supreme Court's decision in *Glenn, supra,* 128 S. Ct. 2343,

18  did not substantially change the rule of *Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955 (9th Cir.

19  2006) (*en banc*), which has defined this Circuit's law on the issue.  That is, unless Plaintiff is able to

20  show that the denial of his benefits is unreasonable in light of the administrative record, discovery of

21  information outside the administrative record would merely serve to drag out the litigation in

22  defiance of ERISA's goal of inexpensive and expeditious dispute resolution.

23

24  **9. Class Actions**:

25       Not applicable.  This case is not a class action.

26

27
JOINT CASE MANAGEMENT STATEMENT
28  AND PROPOSED ORDER                          7                    CASE NO. C08-01941 CW

1   **10. Related Cases:**

2        There are no related cases.

3   **11. Relief:**

4        **Plaintiff's Relief:**

5        Plaintiff is seeking to recover past and future disability benefits under the plan, prejudgment

6   interest thereon, and attorney's fees. Plaintiff has estimated the benefit amounts to total to

7   $554,626.00, disregarding prejudgment interest on past due benefits and reduction to present value

8   of future benefits. This is based on Plaintiff's monthly salary while working for Deloitte just before

9   becoming disabled, and a benefit payment of 66 2/3%.

10        **Defendant's Relief:**

11       Defendant asks that Plaintiff take nothing by way of his complaint and that judgment be

12  entered in favor of Defendant. Defendant additionally reserves the right to seek its costs of suit and

13  attorney's fees pursuant to 29 U.S.C. § 1132.

14  **12. Settlement and ADR**:

15       Plaintiff desires court-sponsored mediation and has discussed this option with Defendant's

16  counsel on several occasions. However, the parties have not yet reached an agreement. The parties

17  filed a Notice Of Need For ADR Phone Conference on July 2, 2007, but the conference has not taken

18  place. The conference is currently scheduled to take place on July 18, 2008.

19  **13. Consent to Magistrate Judge For All Purposes:**

20       Plaintiff is willing to proceed before a magistrate judge. Defendant does not consent to the

21  assignment of this matter to a magistrate judge.

22  **14. Other References:**

23       The parties do not believe this case is suitable for other references.

24  **15. Narrowing of Issues:**

25       The parties do not believe that the issues can be narrowed at this point.

26

27
    JOINT CASE MANAGEMENT STATEMENT
28  AND PROPOSED ORDER                    8                    CASE NO. C08-01941 CW

1   **16. Expedited Schedule:**

2   The parties believe this case can be handled on an expedited basis.  Plaintiff asserts that this

3   is contingent on the completeness of the Administrative Record, which has not yet been received or

4   reviewed by Plaintiff.

5   **17. Scheduling:**

6   Plaintiff anticipates receiving the Administrative Record within a week of signing this

7   statement.  Reviewing the record will take approximately a month.  If Plaintiff determines discovery

8   is necessary, Plaintiff will require approximately two months to conduct such discovery.

9   Defendant contends that discovery is neither necessary nor appropriate in this matter, and

10  therefore trial may be scheduled on an expedited schedule.

11  **18. Trial:**

12  If this matter is not resolved via a dispositive motion, the parties anticipate that a bench trial

13  will last no more than two hours.  Defendant asserts that the matter should be decided on the parties'

14  briefs and the administrative record.  Plaintiff contends that the documentary evidence will be

15  primarily based on the administrative record, but that in some instances, evidence outside the

16  administrative record is permitted.  Plaintiff does not anticipate calling live witness or experts, and

17  any testimonial evidence submitted will be in the form of declarations.  It is anticipated that either

18  Costa Nikoloutsopoulos or Laurence Padway will try the case for Plaintiff and Rebecca Hull will try

19  the case for Defendants.

20  **19. Disclosure of Non-Party Interest Entities or Persons:**

21  Plaintiff and Defendants have filed the "Certificate of Interested Entities or Persons" as

22  required by Civil Local Rule 3-16.  Plaintiff asserts that other than the named parties, there is no

23  other interested entity or party.

24  **20. Other Matters:**

25  No other matters need to be addressed at this time.

26

27  JOINT CASE MANAGEMENT STATEMENT
28  AND PROPOSED ORDER                    9                    CASE NO. C08-01941 CW

1

2

3  Dated: July 15, 2008

4                                              LAW OFFICES OF LAURENCE F. PADWAY

5                                              /s/ Costa Nikoloutsopoulos (as authorized 7/15/08)
                                               Costa Nikoloutsopoulos
6                                              Attorney for Plaintiff
                                               BUD F. MINTON
7

8  Dated: July 15, 2008

9

10                                             SEDGWICK, DETERT, MORAN & ARNOLD

11                                             /s/ Rebecca A. Hull
                                               Rebecca A. Hull
12                                             Cari A. Cohorn
                                               Attorneys for Defendant and Real Party in Interest
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  JOINT CASE MANAGEMENT STATEMENT
28  AND PROPOSED ORDER                     10                    CASE NO. C08-01941 CW

1

## **CASE MANAGEMENT ORDER**

2        The Case Management Statement and Proposed Order is hereby adopted by the Court as the

3    Case Management Order for the case and the parties are ordered to comply with this order.

4

5    Dated: _____          By: _____

6                                   Judge of the United States District Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
AND PROPOSED ORDER                    11                    CASE NO. C08-01941 CW